IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

GARY HERNDON, )
 )
    Plaintiff, )
 ) No: 3:09-0733
    v. ) Judge Nixon/Brown
 ) **Jury Demand**
LIFE INSURANCE COMPANY OF NORTH )
AMERICA, )
 )
    Defendant. )

### O R D E R

This matter has been referred to the undersigned Magistrate Judge to conduct a settlement conference with the parties (Docket Entry No. 33). Upon agreement, the settlement conference will be held on **Friday, July 9, 2010,** beginning at **10:30 a.m.** in Courtroom 776, U.S. Courthouse, 801 Broadway, Nashville, Tennessee.[1]

The parties are advised that unless otherwise permitted, failure to be present with **full settlement authority**[2] could result in imposition of sanctions pursuant to Rule 16(f) of the Federal Rules of Civil Procedure. If the parties need authority from any

---

[1] The parties are advised that they should not schedule anything else on this date and should be prepared to spend the entire day in this settlement conference, if necessary. If any party has other engagements that would interfere with the settlement conference at any time during the day, such party **must** notify the Magistrate Judge of this fact in advance of the settlement conference.

[2] All named parties and their attorneys **must** attend, unless excused in advance by the Magistrate Judge. Non-individual parties must have a senior official present unless excused in advance by the Magistrate Judge. "Full settlement authority" means the ability of the plaintiff to accept the last offer and the defendant to pay the last demand. If authority is limited, the party **must** notify the Magistrate Judge in advance of the conference.

other person, that person must be available by phone, and the Magistrate Judge **must approve the absence in advance**. The representative present at the settlement conference must be in a position to sign a binding agreement at the conclusion of the conference, unless the Magistrate Judge has been notified of the limitation in advance.

    1.    By **12:00 noon on Wednesday, July 7, 2010,** plaintiff and defendant shall deliver *under seal*, directly to Tina McDonald, Courtroom Deputy to the undersigned, 797 U.S. Courthouse, 801 Broadway, Nashville, TN 37203, confidential settlement conference statements which shall specify their respective settlement positions. These settlement conference statements shall not be filed with the Clerk nor served on the other parties. Nothing in the way of a jury speech shall be contained in the settlement conference statements. In their respective statements, counsel for plaintiff and defendant shall make a candid assessment of the strengths and weaknesses of both sides of the case and shall give a good faith opinion of each client's probable success on the merits on a scale of 1 to 5, with 1 being the lowest and 5 being the highest.

    a.    Each statement shall contain a summary of the parties' respective views of the law as to the theories of liability or defense.

    b. **(P)** Plaintiff's statement shall contain an assessment from

plaintiff's viewpoint of his damages and the strengths and weaknesses of his position.

b. **(D)** Defendant's statement shall contain an assessment of the plaintiff's damages, defendant's exposure to those damages, and the respective strengths and weaknesses of defendant's position.

c. Each statement shall contain an assessment of the economic cost of proceeding to trial as well as any appeal.

d. Each statement shall recount, with specificity, the settlement discussions between the parties to date and the most recent demand offer as each side has made.

e. Each statement will describe any particular obstacles or impediments to settlement.

2. In the event offers and demands have not previously been made, the parties shall exchange offers and demands **at least three (3) working days prior to the July 9, 2010** conference.

3. Counsel for each party may present a **brief** opening statement at the beginning of the settlement conference. Following these statements, the Magistrate Judge will normally meet separately with the parties. Once the separate meetings have concluded, negotiations will proceed as necessitated by the particular case.

It is so **ORDERED**.

s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge